## Commonwealth ex rel. Boyer v. Ruch, Warden, et al.

Herbert F. Holmes, Jr., for relator.

Armand Della Porta, assistant district attorney, contra.

FLOOD, J., September 1, 1954. — This writ was brought to test the right of a magistrate of the City of Philadelphia to commit relator to the county prison for drunkenness. The magistrate's authority comes from the Act of March 31, 1856, P. L. 200, sec. 29, 47 PS §722, providing that any person found intoxicated in any public house or public place shall be fined before any mayor, alderman, justice of the peace not to exceed $5, and the Act of June 2, 1871, P. L. 1301, 61 PS §671 et seq., which provides that any person hereafter convicted "according to the existing laws

of this Commonwealth", before any alderman of the City of Philadelphia as a "drunkard" shall be sentenced to suffer confinement in the house of correction, employment and reformation upon a sliding scale of sentences from 3 months to 24 months, depending upon the number of prior commitments.

Relator attacks the Act of 1871 on two grounds: (1) It is unconstitutional because the subject of confinement of drunkards does not appear in the title, and (2) it has been superseded because fully supplied by the Mental Health Act of June 12, 1951, P. L. 533, 50 PS §1071, as supplemented by the Act of August 20, 1953, P. L. 1212, 50 PS §2105. In our opinion neither of relator's positions is valid.

1. The title of the act is: "An act to establish and maintain for the City of Philadelphia a house of correction, employment and reformation for adults and minors." It seems to us that the detention of certain types of criminals in the house of correction to be established or maintained under the act is obviously included within the general subject indicated. It has been many times held that the title of the act does not have to be an index of its contents: Harrisburg v. Pass, 372 Pa. 318 (1953). The Act of June 2, 1871, P. L. 1301, is in our opinion in no way in violation of article III, sec. 3, of the Constitution.

2. We cannot see that the Mental Health Act or the Act of 1953 supersede the Act of 1871, supra. These acts in terms apply to a person who is a habitual drunkard or any person who through the excessive use of alcoholic beverages has become unable to care for himself, his family or his property, or has become a burden on the public. A reading of these statutes shows clearly that they are not criminal statutes, and so we cannot see how they can be said to repeal or replace the Acts of 1856 or 1871, supra, which deal with

the crime of public drunkenness. The crime exists only when the drunkenness is public and the Acts of 1856 and 1871 are presumably directed toward the preservation of the public peace. The Acts of 1951 and 1953, supra, deal with the rehabilitation of habitual drunkards whose drunkenness may never be seen in public or who may never have committed a crime. The early statutes are penal. The later ones are not. The earlier statutes make a single act of public drunkenness a crime. The later acts apply only to those who are habitual users of alcohol to excess, whether in public or private.

Nothing indicates to us that the later acts supplement the earlier ones. It is indeed fortunate, for the time being, that they do not, since we can take judicial knowledge that there are not institutions available for the benign purposes of the later acts and if we were restricted to them, the obvious danger to the public from the conduct of publicly intoxicated persons could not be met. They could not be arrested or removed from the streets no matter how offensive their conduct might be. The provision of section 5(c)(4) of the Act of August 20, 1953, P. L. 1212, 50 PS §2105(c)(4), is too restricted to be of value in this respect. This would be an unfortunate result and we do not believe that the statutes compel us to reach it.

Finally, it should be noted that under the Act of 1953, supra, commitment can be made only if the Director of the Division of Alcoholic Studies and Rehabilitation certifies that facilities are available: Act of 1953, supra, sec. 5(c)(3). It seems totally unlikely that the legislature intended to entirely eliminate other methods of handling this problem at a time when the facilities contemplated under the Act of 1953 might be completely unavailable.

The writ is dismissed.